**Roger A. FRICKE, et al., Plaintiffs,**

v.

**CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, a Wisconsin corporation, Defendant.**

**Civ. A. No. 82–C–1416.**

United States District Court,
E.D. Wisconsin.

May 24, 1983.

Harold Ross, Cleveland, Ohio, and Frederick Perillo, Milwaukee, Wis., for plaintiffs.

Ward D. Werner, Milwaukee, Wis., for defendant.

DECISION AND ORDER

REYNOLDS, Chief Judge.

This action is brought by the named plaintiffs on their own behalf and on behalf of all locomotive firemen and locomotive engineers working for the defendant on May 20, 1972 in the State of Wisconsin who have been discharged, laid off, furloughed or removed from engine service in violation of Wis.Stat. § 192.80. That section, known as Wisconsin's full crew law, provides: "No employe of a railroad operating in this state on May 20, 1972 shall be discharged, laid off, furloughed, removed from train or engine service, reduced in monthly earnings, transferred without his approval or reduced in rank or classification, because of the repeal of [certain state statutes regulating train crews]." This action was removed from Milwaukee County Circuit Court to

this court by the defendant. On November 17, 1982, the defendant filed a motion to dismiss or stay the action, and the plaintiff filed a motion for leave to file an amended complaint on December 23, 1982. Because the complaint stated only a state cause of action, this Court on January 27, 1983, ordered the parties to brief whether this court has jurisdiction over the case.

The petition for removal asserts that the complaint really alleges a matter involving the rights of the plaintiffs and the duties and obligations of the defendant under a collective bargaining agreement between the United Transportation Union and the defendant, and that this Court has jurisdiction under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* and under the Milwaukee Railroad Restructuring Act, 45 U.S.C. § 901 *et seq.* The defendant's brief on the jurisdictional issue, however, does not argue that this court has jurisdiction under the Milwaukee Railroad Restructuring Act, and this Court finds no basis in that for assuming jurisdiction over this case.

The Court also rejects the defendant's contention that this court has jurisdiction under the Railway Labor Act. The defendant argues that state law applied to railroads has been absorbed by that Act, so that even though the complaint refers solely to a state statute, it really asserts an action controlled by federal law. However the defendant ignores the holding of *Brotherhood of Locomotive Engineers v. Chicago, Rock Island & Pacific Railroad,* 382 U.S. 423, 86 S.Ct. 594, 15 L.Ed.2d 501 (1966). In that case, the Supreme Court held that the Railway Labor Act was not intended to preempt the field of manning level regulations and full-crew laws. Since the complaint asserts only a claim under state law, this court is without jurisdiction.

THEREFORE, IT IS ORDERED that this action be remanded to the Circuit Court of the State of Wisconsin for the County of Milwaukee.